|   |   |   |
|---|---|---|
|   | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE |   |
| 10 | ROBERT WESLEY HANSEN, | CASE NO. 2:14-cv-00116-MJP |
| 11 | Appellant, | BAP. No. WW-14-1023 |
| 12 | v. | Internal Appeal No. 14-S001 |
| 13 | SALLIE MAE, INC.; EDUCATIONAL CREDIT MANAGEMENT CORPORATION; UNITED STATES DEPARTMENT OF EDUCATION; and ITT EDUCATIONAL SERVICES, INC., d/b/a ITT TECHNICAL INSTITUTE, | Adv. No. 12-01394 |
| 14 |  | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |
| 15 |  |  |
| 16 |  |  |
| 17 | Appellees. |  |

This matter comes before the Court on Appellant Robert Hansen's motion to seal. (Dkt. No. 14.) Having reviewed the motion, and all related papers, the Court GRANTS the motion as to the declaration of Lynne Munoz (Dkt. No. 17), but DENIES as to the Bankruptcy Court transcripts (Dkt. Nos. 15-16.).

//

//

ORDER ON MOTION TO SEAL- 1

1      Appellant requests the Court to seal two transcripts from the Bankruptcy Court, as well as
2  a medical declaration from Lynne Munoz, a nurse practitioner. To succeed in sealing these
3  documents, Plaintiff must show there is a "compelling reason." <u>Kamakana v. City & Cnty. of</u>
4  <u>Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding "those who seek to maintain the secrecy
5  of documents attached to dispositive motions must meet the high threshold of showing that
6  'compelling reasons' support secrecy.") Because Declaration of Munoz describes Mr. Hansen's
7  medical conditions, the Court finds a compelling reason to seal it. <u>Karpenski v. Am. Gen. Life</u>
8  <u>Companies, LLC</u>, 2:12-CV-01569RSM, 2013 WL 5588312 (W.D. Wash. 2013) (The need to
9  protect medical privacy qualifies in general as a 'compelling reason.'") Likewise, two court
10 transcripts also contain references to his medical condition. The Court however DENIES the
11 motion because these references are minimal and less restrictive means are sufficient to protect
12 Mr. Hansen's privacy. (Dkt. No. 15-16.) The Court directs Appellant to file redacted copies of
13 both transcripts within ten (10) days of this Order.

14      The Court GRANTS the motion in part and DENIES the motion in part. The Clerk is
15 directed to preserve the declaration under seal and transcripts under seal. (Dkt. Nos. 15-17).
16 Appellant must file redacted versions of the transcripts within ten (10) days of this Order.

17      The clerk is ordered to provide copies of this order to all counsel.

18      Dated this <u>11th</u> day of June, 2014.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER ON MOTION TO SEAL- 2