1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9 AT SEATTLE

10 ROBERT WESLEY HANSEN,                         CASE NO. 12:14-cv-00116-MJP

11                              Appellant,       ORDER AFFIRMING
                                                 BANKRUPTCY COURT
12           v.

13 SALLIE MAE INC., et al,

14                              Appellees.

15

16          This matter comes before the Court on Robert Wesley Hansen's appeal from the

17 Bankruptcy Court for the Western District of Washington's order granting summary judgment in

18 favor of Appellees Educational Credit Management Corporation ("ECMC") and Department of

19 Education ("DOE").  (Dkt. No. 13.)  Having reviewed the motion, Appellees' response (Dkt. No.

20 18), Appellant's reply (Dkt. No. 20).

21                                      **Background**

22          This appeal arises from a Chapter 7 bankruptcy petition filed by Appellant Robert

23 Hansen in order to discharge more than $60,000 in student loans.  (Bk. Dkt. No. 1.)  Appellees

24

ORDER AFFIRMING BANKRUPTCY COURT- 1

ECMC and DOE hold federally-back student loans incurred by Hansen when he attended Bellevue College and ITT Technical Institute ("ITT"). (Bk. Dkt. Nos. 1 at 2, 15 at 2.) Hansen's complaint sought to discharge the student loans as an undue hardship. (Bk. No. 1 at 2.) In an amended complaint Hansen alleged ITT, ECMC, DOE, and lender Salle Mae fraudulently sold him educational packages he "would never be able to use." (Bk. No. 38 at 3.) He sought to discharge the student loans on this second theory too. (Id.)

Appellees moved for summary judgment on Hansen's undue hardship claims. (Bk. No. 76.) Judge Karen Overstreet of the Bankruptcy Court for the Western District of Washington granted the motion, finding the following facts in an oral ruling. (Dkt. No. 16 at 14.) First, the loans owed by Hansen to ECMC and DOE totaled $19, 246.57 with a 6.25% interest rate. (Dkt. No. 16 at 14.) The payment for those loans total $273.75 a month. (Id.) Second, Judge Overstreet concluded Hansen is a long-haul truck driver with an annual income of $32,000 and average monthly income of $2,180. (Id.) Given his income, Hansen qualifies for an income based payment plan, which reduced his loan payment to $185 per month. (Id. at 15.) Judge Overstreet concluded Hansen has adequate income to make the $273.75 payment each month. (Id. at 18). She calculated his net disposable income to be $525 per month. (Id.) In doing so, Judge Overstreet "gave him the benefit of the reductions he testified about." (Id.) Judge Overstreet also assumed Hansen has a medical condition (although there is no formal diagnosis) and thus based on the opinion of the medical provider, it is highly unlikely "he'll ever be able to be hired as anything other than in his current profession as a long-haul truck driver." (Id. at 16-17.) Nonetheless, based on these facts, Judge Overstreet concluded Hansen "could not satisfy prong 1 of the 'undue hardship' test," because he can afford the loan payment. (Dkt. No. 112 at 2.)

1   Hansen sought reconsideration, which Judge Overstreet denied. (Bk. No. 120.) Hansen's

2   motion for reconsideration was premised on findings by Judge Overstreet regarding a different

3   student loan lender, Sallie Mae, to whom he owed $40,000.00. (Id. at 2.) Judge Overstreet

4   concluded that as to the Sallie Mae loan, it was an undue hardship and discharged the debt. (Id.)

5   In rejecting the motion to reconsider, Judge Overstreet explained:

6       At trial, plaintiff presented new evidence of increased expenses, which the Court
        relied on to find that, after payment of the nondischargeable loans to DOE and
7       ECMC, plaintiff did not have sufficient monthly net income remaining to pay the
        student loans owed to Sallie Mae, and that requiring such payment would impose
8       an undue hardship on the plaintiff. Plaintiff does not argue that he could not have
        offered the evidence of increased expenses as the time the Court heard the
9       summary judgment motion, and even if he had, based upon the Court's
        calculations, plaintiff could still afford to make the contract payments on the DOE
10      and ECMC student loans.

11  (Id. at 3-4.)

12      Hansen appeals the Bankruptcy Court's order granting summary judgment in favor of

13  ECMC and DOE as well as the order denying his motion to reconsider. (Dkt. No. 1.) On appeal

14  Hansen asserts the Bankruptcy Court committed three errors. First, he argues Judge Overstreet

15  erred in not finding the debt dischargeable. Second, he argues Judge Overstreet's application of

16  Brunner v. N.Y. Higher Educ. Servs. Corp., 381 F.2d 395 (2d Cir. 1987), was error because the

17  case is outdated. Finally, he argues the case was abrogated when Congress adopted the

18  Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. He does not however

19  assign any error to Judge Overstreet's factual findings.

20

21                                    **Discussion**

22      This Court reviews the Bankruptcy Court's legal conclusions *de novo*; factual findings

23  are reviewed for clear error. U.S. v. Hatton, 220 F.3d 1057, 1059 (9th Cir. 2000). A bankruptcy

24

ORDER AFFIRMING BANKRUPTCY COURT- 3

court's remedies are reviewed for abuse of discretion.  <u>In re Lopez</u>, 345 F.3d 701, 705 (9th Cir. 2003).

Student loans are presumptively nondischargeable in bankruptcy.  11 U.S.C. § 523(a)(8).  That presumption may be overcome by a showing of "undue hardship" on the debtor.  <u>Id.</u>  The Ninth Circuit applies the three-prong test developed by the Second Circuit in <u>Brunner v. New York State Higher Educ. Svcs. Corp. (In re Brunner)</u>, 831 F.2d 395 (2d Cir. 1987); <u>see also</u> <u>In re Pena</u>, 155 F.3d 1108, 1111 (9th Cir. 1998)(adopting <u>Brunner</u> for the Ninth Circuit).  In order to qualify for an "undue hardship" discharge, Plaintiff is required to prove that

1) he cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loan;
2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the loan; and
3) he has made good faith efforts to repay the loan.

<u>Pena</u>, 155 F.3d at 1111.  The debtor must prove every element of the <u>Brunner</u> test; "[i]f the debtor fails to satisfy any of these requirements, 'the bankruptcy court's inquiry must end there, with a finding of no dischargeability.'"  <u>In re Rifino</u>, 245 F.3d 1083, 1088 (9th Cir. 2001).

This is an intentionally high bar, reflective of the Congressional intent that repayment of these types of loans not be easily avoided.  The "existence of the adjective 'undue' indicates that Congress viewed garden-variety hardship as insufficient excuse for a discharge of student loans."  <u>Pena</u>, 155 F.3d at 1111.  Elsewhere it has been held that "'undue hardship' contemplates unique and extraordinary circumstances.  Mere financial adversity is insufficient, for that is the basis of all petitions in bankruptcy."  <u>In re Naranjo</u>, 261 B.R. 248 (Bankr. E.D.Cal. 2001)(citing <u>In re Brown</u>, 18 B.R. 219, 222 (Bankr. Kan. 1982)).

Satisfying the burden of proof on this element requires "more than a showing of tight finances," but stops short of "utter hopelessness."  <u>In re Nascimento</u>, 241 B.R. 440, 445 (B.A.P. 9th Cir. 1999).  While the benchmark for this prong does not require that a debtor live in abject

1   poverty, "a minimal standard of living under… § 523(a)(8) does not equate to a middle class

2   standard of living" either.  In re Howe, 319 B.R. 886, 889 (9th Cir. B.A.P. 2005).

3          Hansen argues he has met the first prong of the Brunner test because he needs to only

4   show based on "his current income and expenses, he cannot maintain a minimal standard of

5   living if the debt to ECMC has to be repaid."  (Dkt. No. 13 at 10) (emphasis in original).  He

6   argues that based in Schedule J in his bankruptcy schedules, he lives with negative income,

7   which has only gotten worse.  (Id.)  Hansen, however, ignores Judge Overstreet's conclusion that

8   he has a $525 surplus per month and is eligible to pay a reduced repayment on the loan of $185

9   per month.  In finding these facts Judge Overstreet accounted for additional expenses, giving

10  Hansen the benefit of the calculation whenever possible.  The Court finds no clear error in the

11  Bankruptcy Court's findings of fact.  In re Pena, 155 F.3d 1108, 1110 (9th Cir. 1998).

12         Nor did the Bankruptcy Court err in finding no genuine issues of material fact for trial.

13  Although Hansen insists an increase in expenses is anticipated, this argument is speculative.

14  (Dkt. No. 13 at 10.)  Other than his own belief regarding what may (or may not) occur, the

15  record before the Bankruptcy Court did not support these figures.  Hansen fails to show based on

16  current income and expenses that he cannot presently afford these payments.  In re Nys, 308 B.R.

17  436, 441–42 (9th Cir. BAP 2004), aff'd, 446 F.3d 938 (9th Cir. 2006).  The Court affirms the

18  Bankruptcy Court's conclusion that he failed to meet the first prong of the Brunner test.

19         In the alternative, Hansen attacks the continued validity of Brunner.  First he argues

20  "[w]hile it might have been appropriate and helpful when adopted, the Brunner test for

21  determining undue hardship is truly a relic of times long gone."  (Dkt. No. 13 at 17.)  Hansen

22  grounds much of his argument in the differences between the loan at issue in Brunner and current

23  student loan programs.  (Id. 16-17.)  This Circuit adopted Brunner more than 15 years ago In re

24

1  <u>Pena</u>, 155 F.3d 1108, 1111 (9th Cir. 1998).  It remains the law in this Circuit.  See <u>Hedlund v.</u>

2  <u>Educational Resources Institute Inc.</u>, 718 F.3d 848, 851 (9th Cir. 2013).  As such, the Bankruptcy

3  Court was bound to follow <u>Brunner</u> and its progeny. <u>United States v. Frank</u>, 956 F.2d 872, 882

4  (9th Cir. 1992) ("In the absence of an intervening Supreme Court decision…we must adhere to

5  the law of the circuit [.]").  The Court therefore finds no err by Judge Overstreet.

6          Hansen also challenges the bankruptcy court's application of <u>Brunner</u> on the grounds

7  Congress abrogated the undue hardship test when it passed the Bankruptcy Abuse Prevention

8  and Consumer Protection Act of 2005.  (Dkt. No. 13 at 19.)  He argues Congress added a

9  definition of "undue hardship" to 11 U.S.C. §524(m), a provision relating to reaffirmation

10 agreements.  That section reads:

> Until 60 days after an agreement of the kind specified in subsection (c) is filed
> with the court (or such additional period as the court, after notice and a hearing
> and for cause, orders before the expiration of such period), <u>it shall be presumed
> that such agreement is an undue hardship on the debtor if the debtor's monthly
> income less the debtor's monthly expenses as shown on the debtor's completed
> and signed statement in support of such agreement required under subsection
> (k)(6)(A) is less than the scheduled payments on the reaffirmed debt.</u> This
> presumption shall be reviewed by the court. The presumption may be rebutted in
> writing by the debtor if the statement includes an explanation that identifies
> additional sources of funds to make the payments as agreed upon under the terms
> of such agreement.

17 11 U.S.C. §524(m)(1)(emphasis added).  According to Hansen, the Bankruptcy Court should

18 have applied the test contained in §524(m)(1) and not <u>Brunner</u>.

19          Hansen's appeal of this claimed error lacks merit.  The Court does not reach the merits of

20 Hansen's argument that <u>Brunner</u> has been abrogated because even if §524 applied, the

21 Bankruptcy Court did not err.  Judge Overstreet, in an abundance of caution, applied the hardship

22 definition contained in §524(m) and decided it would not alter her analysis because "the debtor

23 [Hansen] can still make the payments" where he enjoys a $525 surplus over his living expenses.

24 (<u>Id</u>.)  The Bankruptcy Court's factual findings are supported by the record and not clearly

1   erroneous.  Thus, even if §525(m) applied, Hansen failed to show "undue hardship.  The Court

2   AFFIRMS the Bankruptcy Court.

3                                              **Conclusion**

4          In sum, the Court finds there is no genuine issue of material fact as to the "undue

5   hardship" posed by the student loans and AFFIRMS the bankruptcy court's grant of summary

6   judgment in favor of Appellees.  The clerk is ordered to provide copies of this order to all

7   counsel.

8          Dated this <u>14th</u> day of August, 2014.

9

10

11                                                    _____

12                                                    Marsha J. Pechman
                                                      Chief United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AFFIRMING BANKRUPTCY COURT- 7